[Cite as *State v. Colon*, 2024-Ohio-4488.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                  No. 113468

    v.                            :

EDILBERTO COLON, III,                   :

    Defendant-Appellant.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** September 12, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-22-675093-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Anjali Kanwar and Caroline Maver, Assistant Prosecuting Attorneys, *for appellee.*

Christopher G. Thomarios, *for appellant.*

EILEEN T. GALLAGHER, J.:

{¶ 1} Defendant-appellant, Edilberto Colon, III ("Colon"), appeals his convictions and claims the following errors:

> 1. Appellant Colon was deprived of his liberty without due process of law where his convictions for gross sexual imposition [are] contrary to the weight of the evidence presented.

2.  Appellant Colon was denied effective assistance of counsel because trial counsel did not turn over evidence in discovery to the state and was barred from presenting it at trial.

{¶ 2} We affirm the trial court's judgment.

## I.  Facts and Procedural History

{¶ 3} Colon was charged with two counts of gross sexual imposition ("GSI") in violation of R.C. 2907.05(A)(4), in connection with the alleged sexual assault of then 11-year old A.P.[1]  Colon waived his right to a jury trial and the case proceeded to a bench trial.

{¶ 4} A.P.'s mother ("Mother") testified at trial that she and A.P.'s father ("Father") divorced in 2018.  After the divorce, Mother moved with A.P. and her younger sister to a suburb of Cincinnati, Ohio.  Pursuant to a shared parenting plan, Father had visitation with the children in Cleveland one to two weekends per month, six weeks in the summer, and during school breaks.

{¶ 5} Colon lived next door to Father's house, and A.P. and Colon's younger sister were friends.  Mother explained that in April 2021, while she was discussing visitation with A.P. for the upcoming summer, A.P. disclosed that "when she was in Cleveland the previous summer that she was in the pool at [Colon]'s graduation party and [Colon] had touched her inappropriately under her bathing suit on the bottom and on the top."  (Tr. 31-33.)  With A.P.'s consent, Mother reported the incident to local police, Cleveland police, and the child protection services agency in

---

[1] In accordance with Loc.App.R. 13.2(B)(1)(c) and (d), initials and general terms are used herein to protect the victim's privacy.

Butler County, Ohio. (Tr. 33-34.) Police investigated the accusations, and Emily Harman ("Harman"), a social worker with the Mayerson Center for Safe and Healthy Children at Cincinnati Children's Hospital Medical Center, conducted a forensic interview of A.P. (Tr. 114.)

{¶ 6} A.P. told Harman that Colon "squeezed her breasts multiple times over her bathing suit" and "squeezed her buttocks on skin multiple times" while they were in a pool together. (Tr. 115.) A.P. delayed telling her parents about the incident for several months, and Harman explained that delayed disclosure is common with child victims of sexual assault. (Tr. 111-112.) Although A.P. delayed in telling her parents about the assault, A.P. told two friends, including Colon's sister, within a day of the event. (Tr. 115.) According to Harman, A.P.'s friends encouraged her to tell her mother. (Tr. 115.)

{¶ 7} A.P. testified that Colon "sexually touched" her in the swimming pool during his high school graduation party on July 2, 2020. (Tr. 56.) She explained that she, her younger sister, and Colon's sister, who was A.P.'s friend and former classmate, were playing "mermaids" when Colon entered the pool. Colon picked up each girl and threw them a few times. A.P. stated that when Colon threw her, he kept "going in my bathing suit." (Tr. 59.) A.P. explained that Colon touched her "chest" on the inside of her bathing suit with both hands and then touched her buttocks on the outside of her bathing suit on two occasions while throwing her in the pool. (Tr. 61-63.) All this alleged touching occurred under the water where it was not visible to the others in the pool. (Tr. 63-64.) A.P. testified that she was born

on September 14, 2009. (Tr. 48.) She was, therefore, 11 years old when the incident occurred in June 2020.

{¶ 8} After Colon exited the pool, A.P., her sister, and her friend got food and drinks and then returned to the pool. Colon had gone, "everything was normal," and they played in the pool until 11:00 p.m. (Tr. 65.) A.P. did not tell anyone about the assault that day, but she did tell her best friend and a family friend the following day. (Tr. 67.) The family friend encouraged A.P. to tell her mother, and A.P. eventually told Mother about the assault in May 2021. (Tr. 68.)

{¶ 9} Detective Kevin Smith ("Det. Smith"), a sex-crimes detective with the Cleveland Police Department, testified that he investigated the report of sexual assault made by A.P. (Tr. 97.) After interviewing A.P.'s parents and Colon, Det. Smith learned that the alleged assault occurred in July 2020, but he did not receive the report until May 2021. (Tr. 100.) Colon was 18 at the time of the incident in 2020. (Tr. 102-103.) On cross-examination, Det. Smith admitted that the case workers at the Butler County children's services agency that investigated the case concluded that the allegations were "unsubstantiated." (Tr. 123.)

{¶ 10} Based on witness testimony, the State moved, pursuant to Crim.R. 7(D), to amend the dates in the two counts of the indictment to include the timeframe from July 1, 2020, to July 31, 2020. Defense counsel did not object, and the court amended the dates of the alleged offenses. (Tr. 125.) Thereafter, defense counsel moved for acquittal pursuant to Crim.R. 29, and the court denied the motion.

{¶ 11} Thereafter, defense counsel called Colon's stepmother to testify for the defense. Colon's stepmother testified that she and Colon's father hosted a "drive-thru" graduation party because Colon graduated "during COVID" and "we weren't allowed to be together." (Tr. 132.) She invited people through Facebook to drive by the house and congratulate Colon on his graduation. (Tr. 133.) Because it was a drive-by graduation party, it was not a pool party. (Tr. 132.)

{¶ 12} While questioning Colon's stepmother about the Facebook invitation, defense counsel attempted to introduce a screenshot of the Facebook post for purposes of impeaching A.P. on the date of the offense. The Facebook post indicated that the party occurred on June 20, 2020 (Tr. 133.) Yet, A.P. had testified earlier that she knew the party occurred on July 2, 2020, because she had seen Colon's stepmother's Facebook post with the date. (Tr. 74.)

{¶ 13} The prosecutor objected to the introduction of the screenshot on grounds that it had not been produced during discovery even though defense counsel had acquired the information several months before trial. (Tr. 133-135.) Defense counsel argued that he was not obligated to produce it in discovery because it was being offered as impeachment evidence against A.P. The trial court excluded the extrinsic evidence offered for impeachment pursuant to Evid.R. 613 because defense counsel did not confront A.P., the object of the impeachment, with the evidence and, therefore, failed to afford her the opportunity to affirm, deny, or explain the evidence. (Tr. 137.)

{¶ 14} Nevertheless, Colon's stepmother testified that the graduation party was held on June 20, 2020. (Tr. 141.) She also confirmed that it was a one-day event and that it was a drive-by party and not a pool party. (Tr. 141.)

{¶ 15} Based on Colon's stepmother's testimony, the prosecutor again moved to amend the dates of the offenses in the indictment to include the timeframe between June 20, 2020, through July 31, 2020. The court granted the motion and amended the dates over defense counsel's objection. (Tr. 143.)

{¶ 16} The trial court found Colon guilty on both counts of GSI alleged in the indictment and referred Colon to the Cuyahoga County Probation Department for a presentence-investigation report ("PSI"). (Tr. 159.) After reviewing the PSI, the court sentenced Colon to two years of probation with certain conditions and classified him as a Tier II sex offender. This appeal followed.

## II. Law and Analysis

### A. Manifest Weight of the Evidence

{¶ 17} In the first assignment of error, Colon argues his GSI convictions are against the manifest weight of the evidence.

{¶ 18} In a manifest-weight challenge, the reviewing court "'weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997), quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist. 1983). "A

conviction should be reversed as against the manifest weight of the evidence only in the most 'exceptional case in which the evidence weighs heavily against the conviction.'" *State v. Burks*, 2018-Ohio-4777, ¶ 47 (8th Dist.), quoting *Thompkins* at 388.

{¶ 19} Colon was convicted of two counts of GSI in violation of R.C. 2907.05(A)(4). R.C. 2907.05(A)(4) states, in relevant part, that "[n]o person shall have sexual contact with another, not the spouse of the offender . . . to have sexual contact with the offender . . . when . . . [t]he other person . . . is less than thirteen years of age, whether or not the offender knows the age of that person." "'Sexual contact' means any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." R.C. 2907.01(B).

{¶ 20} "Proof of a sexual gratification purpose does not require direct evidence of arousal or gratification. A 'trier of fact may infer that a defendant was motivated by a desire for sexual arousal or gratification from the totality of the circumstances.'" *State v. Kalka*, 2018-Ohio-5030, ¶ 31 (8th Dist.), quoting *State v. Edwards*, 2003-Ohio-998, ¶ 22 (8th Dist.); *see also State v. Tate*, 2013-Ohio-370, ¶ 20 (8th Dist.) (Holding that the purpose of the contact may be inferred from the type, nature, and circumstances of the contact.).

{¶ 21} Colon argues there is no evidence that he was motivated by a desire for sexual arousal or gratification when he threw A.P. in the pool. He contends there

was only evidence that he touched A.P. and the others in order to throw them and for no other reason. However, A.P. testified that Colon squeezed her breasts with both hands under her bathing suit. (Tr. 62.) A.P. stated that Colon also touched her buttocks outside of her bathing suit for "a few minutes" before throwing her. (Tr. 62-63.) Squeezing A.P.'s breasts under the bathing suit would not be necessary if Colon's intent were merely to throw her. Although it may be necessary to touch A.P. buttocks in order to throw her, the prolonged touching of the buttocks "for a few minutes" would not. The circumstances surrounding Colon's contact with these areas indicates a desire for sexual arousal or gratification.

{¶ 22} Colon nevertheless argues that A.P.'s testimony is not reliable or credible because she testified that she was assaulted at Colon's graduation party and that the party occurred on July 2, 2020, when the party actually took place on June 20, 2020. He further argues that Colon's graduation party was a "drive-thru" party and that there was no pool party. Colon argues that because A.P. testified to the wrong date of the offense, her memory about any sexual contact that occurred must also be wrong.

{¶ 23} Sexual assaults are more likely to make an impression and to be remembered than exact dates. And a trier of fact is free to believe all, some, or none of a witness's testimony and may resolve any inconsistencies accordingly. *Fairview Park v. Bowman*, 2023-Ohio-4210, ¶ 101 (8th Dist.), citing *State v. Shutes*, 2018-Ohio-2188, ¶ 49 (8th Dist.). Just because A.P. confused the dates of the offense does not mean that her testimony regarding sexual contact is unreliable.

A.P. provided significant details about each instance of sexual contact, which lends credibility to her testimony. She stated that Colon grabbed and squeezed her breasts with two hands under her bathing suit for a few minutes before throwing her. (Tr. 61-62.) He later squeezed her buttocks over her bathing suit for a few minutes before throwing her. (Tr. 62-63.) In both instances, Colon touched her under the water where it was not visible to others in the pool. (Tr. 64.) A.P. also told two friends about the assault within 24 hours of the incident, and the descriptions she provided to others were consistent with her trial testimony. It was reasonable for the court to find her testimony regarding sexual contact to be credible under these circumstances. Therefore, we cannot say that the trial court lost its way and created such a manifest miscarriage of justice that Colon's convictions must be reversed and a new trial ordered.

{¶ 24} The first assignment of error is overruled.

## B. Ineffective Assistance of Counsel

{¶ 25} In the second assignment of error, Colon claims his Sixth Amendment right to the effective assistance of counsel was violated. He argues his trial counsel was ineffective because he failed to turn over a screenshot of the Facebook invitation for his birthday party in discovery and was, therefore, prevented from introducing it as evidence at trial.

{¶ 26} To establish ineffective assistance of counsel, the defendant must demonstrate that counsel's performance fell below an objective standard of reasonable representation and that he or she was prejudiced by that deficient

performance. *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984). Prejudice is established when the defendant demonstrates "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

{¶ 27} Colon argues his trial counsel was deficient because he committed a discovery violation. However, evidence of the Facebook post was not excluded as a sanction for a discovery violation; it was excluded because counsel's presentation of the evidence for impeachment purposes was improper because he failed to give A.P., the person he was attempting to impeach, the opportunity to review the evidence and to affirm, deny, or explain it. (Tr. 137.) However, even assuming that counsel's improper presentation of the evidence fell below an objective standard of reasonable representation, it would not matter because Colon cannot demonstrate that the mistake caused any prejudice.

{¶ 28} The screenshot of the Facebook invitation was offered to establish the fact that Colon's graduation party was a drive-by event rather than a pool party and that the event occurred on June 20, 2020, instead of July 2, 2020. All of these facts were established by witness testimony. Therefore, even if counsel had been permitted to introduce evidence of the Facebook invitation, it would have been cumulative to other evidence. Moreover, it would not have rendered A.P.'s testimony about the sexual contact any less credible because A.P.'s confusion about the exact date of the assault does not automatically discredit the remainder of her testimony. Therefore, because the admission of the Facebook invitation into

evidence would not have changed the outcome of the trial, Colon fails to establish his ineffective assistance of counsel claim.

{¶ 29} The second assignment of error is overruled.

{¶ 30} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

LISA B. FORBES, P.J., and
FRANK DANIEL CELEBREZZE, III, J., CONCUR